IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THINH MINH LUONG, #A0223920, | ) ) ) | CIVIL NO. 08-00231 JMS/KSC |
| | ) | ORDER DISMISSING PETITION |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| ATTORNEY GENERAL, STATE OF HAWAII, | ) ) ) | |
| Respondent. _____ | ) ) | |

## **ORDER DISMISSING PETITION**

Before the court is pro se Petitioner Thinh Minh Luong's ("Luong") petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because it is clear from the Petition that Luong's claims are not fully exhausted, the court DISMISSES the Petition without prejudice for failure to exhaust state judicial remedies, pursuant to 28 U.S.C. § 2254(b)(1)(A). All pending motions, including Luong's *in forma pauperis* application, are DISMISSED.[1]

---

[1] The court notes that Luong's *in forma pauperis* application would otherwise be denied, as it is filed on the form for prisoners who are in custody, which he is not, and it is otherwise incomplete.

## I. **FACTS**[2]

In 2006, Luong was charged with Promoting a Dangerous Drug in the Third Degree in violation of Hawaii Revised Statutes ("HRS") § 712-1243, and Unlawful Use of Drug Paraphernalia in violation of HRS § 329-00435A. His first trial ended in a mistrial after the jury was unable to reach a verdict. Luong thereafter moved to dismiss the complaint on double jeopardy grounds based on *State v. Moriwake*, 65 Haw. 47, 647 P.2d 705 (1982). The First Circuit Court, State of Hawaii ("circuit court") denied the motion, and, on October 29, 2006, a second jury found Luong guilty of both counts. Judgment entered on February 5, 2007, and Luong was sentenced to an indeterminate term of five years incarceration. Luong states that he is currently on parole.

Luong appealed his conviction, raising only one point of error: "The trial court erred in denying Luong's motion to dismiss under *State v. Moriwake*." *State v. Luong*, 2008 WL 887520, at *1. The Hawaii Intermediate Court of Appeals ("ICA") affirmed Luong's conviction by summary disposition order on April 3, 2008. Luong neither sought further review of his conviction with the

---

[2] The facts herein are taken from the Petition, the Hawaii Judiciary's public database, and from *State v. Luong*. *See* 2008 WL 887520 (Haw. App. Apr. 3, 2008) (unpub.); *see also* http://hoohiki1.courts.state.hi.us/jud/Hoohiki. Details taken from *State v. Luong*, are presented as context only, not as factual findings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-690 (9th Cir. 2001) (holding that a court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein).

Hawaii Supreme Court, nor has he filed any state post-conviction petition. Pet. at ¶¶ 9(g) and 10.

Luong filed this Petition on May 19, 2008, approximately one month after the ICA's decision affirming his conviction. Luong raises two grounds for relief. In Ground One, Luong states, "Retrial Violated Double Jeopardy." Pet. 6. In support, Luong states, "Prosecution failed to present an effective case. Court erred abusing its discretion exceeding the bounds of reason and disregarding rules and principles of law." *Id.* Although Luong asserts that he raised this issue on appeal, he also suggests that it is not exhausted due to "ineffective counsel, appellate representation." *Id.*

In Ground Two, Luong claims, "Unanimity Instructions was [sic] required by the trial courts." Pet. 7. In support, he states that "erroneous instructions are presumptively harmful." *Id.* Luong concedes that this issue was not raised on direct appeal and is unexhausted, again, due to "ineffective appellate counsel."

## II. **LEGAL STANDARD**

Before a state petitioner may bring a habeas petition to federal court all of the claims raised must be exhausted in the state courts. 28 U.S.C.

§ 2254(b)(1);[3] *Picard v. Connor*, 404 U.S. 270, 275 (1971).  To do so, a petitioner must present his claims to the highest state court, to give that court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *Galvan v. Alaska Dep't of Corr.*, 397 F.3d 1198, 1201-02 (9th Cir. 2005).  A petitioner may present his claims either on direct appeal or in state collateral proceedings.  *See Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).  If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  A district court may raise a failure to exhaust *sua sponte*.  *Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

---

[3] An application for a writ of habeas corpus shall not be granted unless it appears that:

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

## III.  DISCUSSION

Luong's claims are not fully exhausted.  First, Luong did not seek review of the ICA's decision affirming his conviction with the Hawaii Supreme Court.  As such, his claims in Ground One are unexhausted.  *See O'Sullivan*, 526 U.S. at 839-40.  Second, Luong admits that his claims in Ground Two were not presented on direct appeal, and are therefore unexhausted.  *See Picard*, 404 U.S. at 275.  Finally, Luong is also apparently claiming that his appellate counsel was ineffective, and concedes that this claim could not have been exhausted on direct appeal.

Luong's claims in Ground One, which were presented on direct appeal, can still be brought on discretionary review to the Hawaii Supreme Court, thereby properly exhausting them.  *See* Haw. R. App. P. 40.1 (setting 90 day time limit after filing of ICA judgment on appeal for seeking certiorari with the Hawaii Supreme Court).  This court makes no determination, however, on whether Luong can raise his claims in Ground Two, regarding improper jury instructions, at the same time.  The court also makes no determination whether either of these claims was fairly presented as a federal as well as a state law claim to the Hawaii courts, such that these claims would be considered properly exhausted when they are subsequently presented to this court.  *See Anderson v. Harless*, 459 U.S. 4, 6

(1982) (stating that a claim is "fairly presented" if the petitioner described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim); *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004) (finding that unless petitioner clearly alerts the state court that he is alleging a specific federal constitutional violation, the petitioner has not fairly presented the claim).

Luong's claims regarding ineffective assistance of appellate counsel, which have never been presented to any state court, can still be brought in a Hawaii Rule of Penal Procedure 40 post-conviction petition. As such, this Petition must be dismissed as wholly unexhausted.

## IV.  CONCLUSION

The Petition is DISMISSED for lack of exhaustion. Specifically, (1) Luong's claims in Ground One were not presented to the Hawaii Supreme Court for review; (2) Luong's claims in Ground Two and his claims for ineffective assistance of appellate counsel have not been presented to any state court. This dismissal is without prejudice to refiling after Luong's claims are fully exhausted. Luong is notified that his claims are subject to the one-year statute of limitation set

forth in 28 U.S.C. § 2244(d), and he should be mindful of this when considering how to proceed.

All pending motions are DISMISSED. The Clerk of Court is DIRECTED to close the file and terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 27, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Luong v. Attorney General*, Civ. No. 08-00231 JMS/KSC; Order Dismissing Petition; dmp/ Habeas 08/ Luon 08-231 JMS (unexh)